# Exhibit 51

**OEL1994.B-2041/1992**
**TfS 1994, 295**

Eastern High Court's judgment of March 11, 1994, j.no. B-2041/1992
*Main shareholder – Property transfer –*
*The Equation Guide – the 15% rule*

- A main shareholder, who had transferred the company's property by a deed on March 12, 1986 for 1 million DKK corresponding to the property value established by a § 4 assessment on April 1, 1985, was considered by the tax authorities for tax liability on a masked distribution of 300,000 DKK, as the property, upon general assessment 18 on January 1, 1986, was assessed at 1.3 million DKK. The taxpayer brought the matter to the High Court where he referred to, as it appeared from the Equation Guide for 1986, the fact that transfer of real estate at a price within +/– 15% of the latest disclosed cash property value would not be affected for tax purposes. The tax authorities referred to the fact that it was a question of an atypical case that the Equation Guide did not take into account, because of the information about the property's acquisition price, rental income and subsequent prioritization. Therefore, the taxpayer could not have been in good faith regarding the § 4 assessment. The High Court noted that the Equation Guide might be assumed to be an expression for the practice, which the equation authorities were following, and which taxpayers, as a starting point, therefore should be able to adjust confidently as a valid right. In any case, in the present case, where the Equation Guide did not give a possibility for a deviating according to its wording, the taxpayer was consequently not in conflict with the determination that tax on masked dividends should be adjusted.

- In connection with liquidation of his main-shareholder company, he taxpayer, who moved to France in 1986, had bought a property of the company on 1/31/1986. The sale price came to 1,000,000 DKK cash. According to the annual adjustment on 4/1/1985, the property value was fixed at 970,000 DKK cash. This was adjusted in December to 1,000,000 DKK cash. According to general assessment 18 on 1/1/1986, published on April 1, 1986, the property was assessed at 1,300,000 DKK cash. The equation authorities found that the market value amounted to 1,300,000 DKK and there was therefore a masked distribution of 300,000 DKK and tax credit thereof of 75,000 DKK, which was upheld by the National Tax Court. The taxpayer referred to the fact that the transfer price corresponded to the adjusted property value on 4/1/1985 and that the assessment on 1/1/1986 was only disclosed in April 1986. The transfer amount thus lay within the 15-percent limit in the Equation Guide for 1986. Only in the 1987 edition the "normally" was inserted. The High Court found that the Equation Guide might be assumed to be an expression for the equation authorities' practice that, according to its wording, regardless of special circumstances, it could be subsequently deviated from.

**Eastern High Court**
A taxpayer was a single owner of a company, that owned a commercial property whose property value at the annual adjustment on April 1, 1985 was fixed at 970,000DKK cash.

At the request of the taxpayer, a notice was sent by the taxpayer on Dec. 16, 1985 about the assessment according to § 4 of the Assessment Law, by which the property value was adjusted to 1 million DKK cash.

The taxpayer purchased by final deed, singed March 12, 1986, the property of the joint stock company for a cash purchase price of 1,000,000 DKK. The transfer date was set for January 31, 1986. According to general assessment 18 on January 1 1986, the property was assessed at 1,300,000 DKK cash. The assessment was disclosed on April 1, 1986.

It appeared from the depreciation account for the joint stock company for 1984/1985, that the property's total acquisition price, which was used as a basis for depreciation, amounted to 2,249,000 DKK and that the property was written down at 1,092,943 DKK.

It appeared from the taxpayer's own return for 1986 that the property was reprioritized after the purchase, so that the mortgage deed arrears on December 31, 1986 amounted to 1,689,342 DKK corresponding to a market value of 1,539,955 DKK.

In the audit report, prepared by the municipal tax authorities, it was stated that the property in the income tax year 1986 had brought in rent of 228,500 DKK, that with a capitalization factor of 10 would give a cash value of 2,285,000 DKK.

In connection with the taxpayer's purchase of the property, the tax authorities had considered the taxpayer as tax liable for a masked distribution of 300,000 DKK and a tax credit thereof of 75,000 DKK. This determination was affirmed by the National Tax Court.

The taxpayer brought the case to the High Court with the claim that the Tax Ministry was obligated to acknowledge that the taxpayer's purchase of the property in question of the company owned completely by him did not imply a taxable masked distribution of 300,000 DKK in tax year 1986 with the subsequent tax credit thereof, subject to income tax, of 75,000 DKK.

The Tax Ministry declared acquittal.

The case concerned the question whether the Equation Guide for 1986.K.2.2.3 was binding for the equation authorities such that the transfer price agreed upon within the percentage amount limit stated in the stipulation could not be disputed. The stipulation regarding a main shareholder's transfer of a property from the company was as follows:

"A transfer of real estate at a price that lies withing +/– 15% of the latest announced cash property value with annual adjustment will not be disputed for tax purposes, cf. the Equation Guide, Companies, SC 1.2.5.3."

In the Equation Guide of 1986, the stipulation in question, K.2.2.3, was marked with a "star", which according to the Equation Guide, stated that this involved a new item or essential change in relation to last year's edition.

In the Equation Guide for 1987, the wording of the stipulation was modified such that the transfer price within +/– 15% of the latest announced cash property value normally would not be disputed for tax purposes.

On March 29, 1988, then tax minister Anders Fogh Rasmussen answered a question from the Parliament's Tax and Duty Committee. It appeared from the reply that the percent rule stated in the Equation Guide "up to now is only considered to be an expression for within what limits the sale price will normally be able to be calculated to be taken as a basis for tax purposes. The rule is thus assumed to be possibly deviated

OEL1994.B-2041/1992 - TfS 1994, 2950E

from if it might give rise to openly unreasonable results. The addition of the word "normally" in the Equation Guide for 1987 is merely a clarification of an already valid practice."

As a guide for when a change of the transfer price could occur, the National Tax Directorate in a reply to an employee in the Tax Department of March 10, 1988 declared:

"As far as there is information that makes it probable that the property value may be essentially too high or too low, the equating authorities must undertake a concrete judgment, for example, obtaining an assessment from the National Tax Directorate's Assessment Division.

For example, the following situations can be cited:

> Knowledge of essential actual or legal situations that do not constitute a basis for the present assessment.
> Knowledge of purchase amounts for the same property upon a trade between independent parties before the latest year.
> Knowledge of defrayed building costs before the latest year.
> Knowledge of changes in the property's yield (rental properties)
> Knowledge of value measurements that could possibly exist (mortgage situations)
> Knowledge of the property's actual mortgage.

With a concrete judgment it can then be established whether the conditions, which indicate the that property's value should be a correct expression, are real."

The taxpayer supported his claim's validity that the property was transferred with final deed for 1 million DKK cash on March 12, which corresponded to the cash property value after adjustment on April 1, 1985. With general assessment 18 on January 1, 1986, the property was assessed at 1,300,000 DKK, but this assessment was only disclosed on April 1, 1986. Thus, the transfer amount lay within the Equation Guide's percent rule.

In that connection, the taxpayer validated that he could support his right to the published Equation Guide for 1986. The Equation Guides were not only a guide for the equation authorities, but an indispensable tool for inspectors, lawyers and others who are occupied professionally with tax situations. Therefore, the taxpayer should be able to take such a clearly worded stipulation as an established practice and valid right. The taxpayer referred especially to the Equation Guide's being emphasized with "starts". The situation where the word "normally" was inserted for 1987 could not harm the taxpayer, since the practice could not be changed with retroactive force.

Furthermore, it was validated that it was not documented that there was a practice at the time, according to which the equation authorities disregarded transfer prices which lay within the guide's percent rule.

The Tax Ministry validated its acquittal stand with the support that, by the National Tax Court's decision, it was rightly stated to mask valid distribution of 300,000 DKK corresponding to the difference between the market value and the transfer sum and that this difference was subject to tax according to Equation Law § 16 A.

The circumstances with the closing of the transaction, that the taxpayer as sole shareholder of the company, shortly before his move to France, bought a factory property, at which address he had been legally registered without living there, in connection with the information about the property's acquisition price, rental income and subsequent prioritization, showed that we were dealing with an atypical case, that the Equation Guide's 15% rule did not consider. According to this information the taxpayer could not have been in good faith regarding the § 4 assessment, which presumably was undertaken without inspection of the property and was assessed on April 1, 1985, besides.

The Equation Guide was not prepared with the same thoroughness as a law, but was a handbook with guidance about typical cases and the stipulation in question might, in agreement with then Tax Minister Fogh Rasmussen's reply to the Parliament's Tax and Duty Committee, be an expression of an assumption that deviations less than 15% were not an expression for masked distribution, but rather – as here – there were special bases for the opposite.

The High court noted that the Equation Guides prepared and published annually by the Duty and Tax Administration must be accepted as being an expression of the practice that the equation authorities were following and therefore taxpayers, as a starting point, should be able to be confident that they are an expression of a valid right in the area.

In every case in the present instance where the stipulation in the Equation Guide for 1986 K.2.2.3, did not make possible a deviating practice according to its wording and where the Tax Ministry did not substantiate that it actually was deviated from, the taxpayer, who undertook the property transaction relying on the stipulation, regardless of the concrete circumstances emphasized by the Tax Ministry, was consequently not found in conflict with the determination that tax on masked dividends should be adjusted.

Therefore, the High Court upheld the taxpayer's claim.

[illegible]



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK   )
                    )                ss:
COUNTY of NEW YORK  )

### CERTIFICATE OF ACCURACY

This is to certify that the attached document, "*211112 TfS 1994.295Ø*"- originally written in Danish, -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into English.

Dated: 11/30/2021

_____

Heather Cameron
Projects Manager
Consortra Translations

Sworn to and signed before ME
This 30th day of November, 2021

_____

Notary Public



New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong