# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/24

| | |
|---|---|
| In re | |
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET<br><br>18-md-02865-LAK |
| This document relates to: | The cases identified in Appendix A |

### NOTICE OF DEFENDANT'S MOTION TO EXCLUDE THE PROPOSED EXPERT REPORTS, OPINIONS, AND TESTIMONY OF GRAHAM WADE

**PLEASE TAKE NOTICE**, that upon the accompanying Declaration of Michael M. Rosensaft dated June 21, 2024, and the exhibits attached thereto; and upon the accompanying Memorandum of Law, dated June 21, 2024; and upon all prior pleadings and proceedings had herein, Defendants, through the undersigned counsel, will move this Court before the Honorable Lewis A. Kaplan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the court, for an order excluding the testimony of Graham Wade pursuant to Federal Rules of Evidence 702. Defendants respectfully request oral argument regarding this motion.

<u>Memorandum Endorsement</u>     In re Customs and Tax Admin., Master Docket 18-md-2865 (LAK)

      Defendants retained Graham Wade as a proposed expert witness. Mr. Wade is a consultant and former executive at Barclays Investment Bank ("Barclays").[1] Plaintiff proposes to call him to testify to "the nature and structure of the financial transactions purportedly executed by the defendant pension plans via the Solo custodians, including whether those financial transactions were executed in a manner consistent with standard market practice and would entitle an entity or individual to a dividend."[2] Defendants move to exclude Mr. Wade's testimony in its entirety on the grounds that it would trespass upon the roles of the Court and jury to decide matters of law and fact, respectively, and because Mr. Wade's confidentiality obligations to Barclays allegedly would preclude adequate cross-examination at trial.

      Defendants seek to preclude Mr. Wade from testifying, as defendants put it, "that the Pension Plans never received or owned Danish securities" because it "is a determination that the jury must make and can only make after being instructed in Danish law" by the Court.[3] This argument lacks merit. As plaintiff points out, Mr. Wade does not purport to opine on whether the plans "owned" the shares in question. Rather, his proposed testimony is anticipated to be that the "trades" he examined were "fictitious" because "the Solo custodians never held any Danish shares and there were no shares or cash used to settle the supposed trades."[4] This testimony would be based on Mr. Wade's analysis of representative financial transactions, among other evidence, and require application of his finance expertise.[5] That "opinion [would not be] . . . objectionable just because it [would] embrace[]" — or, at least, closely bear upon — "an ultimate issue" to be decided by the jury.[6] Further, because plaintiff does not propose that Mr. Wade would testify to the question of share ownership, his deposition testimony regarding the legal nuances of "ownership" does not appear to be relevant.[7] The factual conclusions about which plaintiff does propose that Mr. Wade testify would not constitute impermissible expert testimony as to legal conclusions.

      Defendants next challenge Mr. Wade's proposed testimony that the defendant pension plans received "dividend compensation payments" as opposed to "real" dividends. They argue that

---

[1] Dkt 1053-4 (Wade Report) at ¶¶ 2–8. The Court cites to the version of the report filed by plaintiff because the one filed with this motion was incomplete and faint. See dkt 1068-1.

[2] Dkt 1090 (Pl. Mem.) at 2–3 (internal quotation marks omitted).

[3] Dkt 1067 (Def. Mem.) at 6.

[4] Dkt 1090 (Pl. Mem.) at 7; see dkt 1053-4 (Wade Report) at ¶ 225.

[5] Dkt 1053-4 (Wade Report) at ¶¶ 227–266.

[6] Fed. R. Evid. 704(a).

[7] Dkt 1067 (Def. Mem.) at 7 (citing dkt 1068-2 (Wade Dep.) at 106:23–107:13).

this testimony should be excluded because the distinction Mr. Wade draws is based on legal principles. No so. Mr. Wade explained in his report and deposition that his conclusion is based on his experience with industry customs and practices.[8] Thus, defendants' objection to this testimony lacks merit.

Defendants seek also to preclude Mr. Wade from testifying to his conclusions that defendants' tax reclaim applications contained misrepresentations, that the transactions in question were fictitious, that Brokermesh was not "a genuine liquidity finding venue," and that these facts would have been "obvious to any of the participants."[9] Contrary to defendants' largely unwarranted assertions, these topics would be appropriate subjects of expert testimony, and Mr. Wade is qualified to opine on them.[10]

Defendants contend also that Mr. Wade's testimony should be excluded because his confidentiality obligations to Barclays "would curtail a vigorous cross-examination."[11] The Court has reviewed carefully the pertinent parts of Mr. Wade's deposition testimony cited by both defendants and plaintiff. It concludes that Mr. Wade's duty of confidentiality likely would not impair materially his ability to answer cross-examination questions and that those areas of cross-examination that might be effected would have, at most, minimal relevance. In any case, were any such cross-examination questions to present genuine problems, defendants are reminded that the Court would be empowered to compel responsive answers and, should Mr. Wade refuse to comply, impose appropriate consequences. Accordingly, Mr. Wade's attention to his confidentiality obligations is not a sufficient ground to exclude his testimony in this case.

Last, defendants seek to preclude Mr. Wade from testifying to conclusions drawn from the so-called Elysium Documents. The Court denies this request for the reasons explained in its order of even date denying defendants' motion to exclude the testimony of expert Bruce Dubinsky.

---

[8] Dkt 1053-4 (Wade Report) at ¶ 237; dkt 1091-2 (Wade Dep.) at 63:6-65:20.

[9] Dkt 1067 (Def. Mem.) at 9 (internal quotation marks omitted).

[10] See Marx & Co. v. Diners' Club Inc., 550 F.2d 505, 509–12 (2d Cir. 1977) ("Testimony concerning the ordinary practices of those engaged in the securities business is admissible."); S.E.C. v. U.S. Env't, Inc., No. 94-cv-6608 (PKL), 2002 WL 31323832, at *3 (S.D.N.Y. Oct. 16, 2002) (expert testimony "that certain trading patterns would raise 'red flags'" was "precisely the type of testimony regarding the practices and usages of a trade that the [Second Circuit] [has] found permissible" (internal quotation marks omitted)).

To the extent that defendants move to preclude Mr. Wade from testifying that defendants were "in league" with Solo or to his opinions regarding defendants' intent, the motion is denied as moot in light of plaintiff's statement that it will not elicit such testimony. Dkt 1090 (Pl. Mem.) at 12 n.12.

[11] Dkt 1067 (Def. Mem.) at 11.

Defendants' motion is denied.

SO ORDERED.

Dated:   August 9, 2024

_____
Lewis A. Kaplan
United States District Judge